Eric WEST *v.* STATE of Arkansas

CR 95-786

907 S.W.2d 133

Supreme Court of Arkansas
Opinion delivered October 9, 1995

*Kearney Law Offices*, by: *Jeffrey H. Kearney*, for appellant.

No response.

PER CURIAM. Appellant, Eric West, through his attorney, Jeffery H. Kearney, asks this court to grant a writ of certiorari to complete the record in this case, or alternatively, to grant a new trial. We grant the writ to complete the record and deny the request for a new trial.

By petition, appellant states he was convicted by a death-qualified Chicot County Circuit Court jury of capital felony murder and sentenced to life imprisonment without possibility of parole. The partial transcript filed with the petition indicates appellant was also found guilty of two counts of attempted capital murder and sentenced to thirty years on each of those counts.

The judgment of conviction was filed on either December 2 or 5, 1994; the file stamp is illegible. The notice of appeal was filed on December 22, 1994, and the transcript was requested from the court reporter on that date by copy of the notice of appeal. On March 2, 1995, appellant's counsel moved the trial court for a full seven-month extension due to counsel's briefing schedule and the reporter's transcription commitments. The trial court entered an order granting the full extension on the same date, March 2, 1995. The motion for extension does not indicate notice was given to opposing counsel as required by Ark. R. App. P. 5(b). There is no indication that the requisite hearing was held to determine the necessity of the extension. *Jacobs* v. *State*, 321 Ark. 561, 906 S.W.2d 670 (1995) (per curiam) (citing *Harper* v. *Pearson*, 262 Ark. 294, 556 S.W.2d 142 (1977)). The extension was therefore granted in violation of our rules of appellate procedure.

Appellant's counsel filed this petition on September 11,

1995. Attached to the petition is a letter dated July 3, 1995, to appellant's counsel from the court reporter, Val Dixon-Sims, stating that her storage room was vandalized on January 17, 1995. The letter indicated that, with respect to appellant's case, the stenographic notes and exhibits were totally destroyed and the tapes were partially destroyed. Ms. Dixon-Sims stated in the letter that the record could not be transcribed.

Despite the aforementioned letter, there is no showing that the trial court has conducted any type of proceeding to determine whether it is possible for a record to be transcribed by any method. Moreover, we are not aware of any attempt to reconstruct the record in accordance with Ark. R. App. P. 6(d). Appellant's counsel states in the petition that "it seems highly infeasible" to reconstruct the record because the prosecuting attorney has since become a circuit judge. Nevertheless, we remain unaware of any reason that would prevent the trial court, court clerk, court reporter, and counsel for both sides from attempting to reconstruct the record in this case. The fact remains that no attempt to do so has been made.

We therefore grant the writ of certiorari to complete the record in this case and direct the trial court, circuit clerk, court reporter, and counsel for the prosecution and defense to attempt to settle the record in this case. The alternative request for a new trial is denied.