Lonnie GREEN *v.* Dwala WILLIFORD

CA 97-1312                                                 961 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered February 19, 1998

*Floyd A. Healy*, for appellant.

*Hardin & Grace*, by: *William T. Terrell*, for appellee.

*Judy P. McNeil*, for *amicus curiae*.

PER CURIAM. ▮ Appellee Dwala Williford moves the court for dismissal of this appeal for failure of appellant Lonnie Green to state in his notice of appeal that financial arrangements have been made with the court reporter for preparation of the transcript as required by amended Arkansas Rule of Appellate Procedure—Civil 3(e). The Arkansas Court Reporters Association requests permission to file an *amicus curiae* brief in this matter in support of the motion to dismiss, and that motion is granted.

The relevant dates are these. On October 10, 1997, Green filed his notice of appeal without a statement that financial arrangements had been made with the court reporter. On November 3, 1997, Green filed the record in his appeal which included the trial transcript. On December 9, 1997, Green filed his appellant's brief. On December 23, 1997, appellee Williford moved to dismiss Green's appeal for failure to comply with Ark. R. App. P.—Civ. 3(e).

Last year, we amended Ark. R. App. P.—Civ 3(e) to require that the notice of appeal state that financial arrangements had been made with the court reporter. That amendment took effect on March 1, 1997. On June 23, 1997, we issued a per curiam order

which included an amendment to Ark. R. App. P.—Civ. 3(e) that a notice of appeal is *invalid* if it does not include the statement regarding financial arrangements with the court reporter. On December 4, 1997, we issued a per curiam order, which included an Addition to Reporter's Notes that the "invalidity" language under the June 23, 1997 amendment means that substantial compliance is not the standard for saving a notice of appeal when the financial-arrangement language is omitted.

▇▇▇ We first conclude that the fact that a notice of appeal may be invalid does not render the notice automatically void but rather voidable until actually annulled. *Cf. Powers v. Bryant*, 309 Ark. 568, 832 S.W.2d 232 (1992) (defect in judgment which may render it invalid is only voidable). Next, though we have determined that the statement regarding financial arrangements with the court reporter is essential to the validity of a notice of appeal, a contest to that notice of appeal must be timely made. Here, Williford waited until after the court reporter had been paid for the transcript and after the record with the transcript had been filed in this court. Indeed, the motion to dismiss was not filed until after Green's brief had been filed.

▇ The fact that a notice of appeal may be invalid due to lack of a "financial-arrangements" statement will not be considered fatal to the appeal if the record, including the trial transcript, has been lodged with the Clerk in a timely manner. Prior to the appellant's lodging of the record on appeal, a challenge to the notice of appeal may be made by filing a motion to dismiss the appeal accompanied by a partial record. Once the court reporter's transcript has been lodged, however, the "financial-arrangements" issue is obviously moot.

The motion to dismiss is denied.