QUALITY FIXTURES, INC. *v.* MULTI-PURPOSE FACILITIES BOARD for Pulaski County, Arkansas; Bob Russell; Sherman Tate; Billie Ann Meyers; Dr. George Mitchell; Lee Frazier; and Hussey Seating Company

98-722                                        970 S.W.2d 815

Supreme Court of Arkansas
Opinion delivered July 9, 1998

*Skokos, Bequette & Billingsley, P.A.*, by: *Jay Bequette* and *Keith I. Billingsley*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard P.L.L.C.*, by: *Tim E. Howell, Lance R. Miller* and *W. Christopher Barrier*, for appellees.

PER CURIAM. Appellee Hussey Seating Company moves this court to dismiss the appeal of appellant Quality Fixtures, Inc., on the basis that Quality Fixtures failed to include a statement in its notice of appeal that financial arrangements had been made with the court reporter, as required by Ark. R. App. P.—Civ. 3(e). The motion to dismiss was filed on June 12, 1998, and was accompanied by a partial record. Quality Fixtures responds that financial arrangements were in fact made with the court reporter and that this is evidenced by an affidavit from the court reporter, Maude Parkman, and by an affidavit of its counsel of record, Keith I. Billingsley. Quality Fixtures also points to the fact that the transcript was tendered to this court on June 22, 1998. Hussey Seating's motion to dismiss was submitted to this court for decision on June 25, 1998.

This court stated in *Green v. Williford*, 331 Ark. 533, 961 S.W.2d 766 (1998) (per curiam), that the fact a notice of appeal does not include the financial-arrangements language did not render the notice of appeal automatically void but merely voidable. We further stated that a contest to the notice of appeal must be timely made and that the proper procedure was to file a motion to dismiss accompanied by a partial record. In *Green*, we denied the motion to dismiss because it was filed after the court reporter had been paid and after the record with the transcript had been filed. Because the record had been filed, we deemed the financial-arrangements issue to be moot.

Since *Green v. Williford, supra*, we have dismissed three cases for failure to comply with the financial-arrangements requirement of Rule 3(e). *See Billy Bowman v. City of Russellville*, No. 98-628 (June 18, 1998); *Benton/Washington County Water Association v. Citizens for Feasible & Affordable Water, Inc.*, No. 98-566 (June 4, 1998);[1] *Deborah Washington v. Roberta Collins*, No. 98-377 (April

---

[1] A petition for reconsideration filed by appellant Benton/Washington County Water Association was submitted on July 2, 1998.

16, 1998). None of those cases involved the fact situation we are confronted with today where the appellant's record with the transcript has been tendered to the Supreme Court prior to submission of the motion to this court for decision.

█ We view this situation as analogous to that in *Green v. Williford, supra.* The purpose behind the financial-arrangements language has been satisfied by the tendering of the record prior to submission of the motion to dismiss. As was the case in *Green v. Williford, supra,* we consider the appellees' motion to be moot and direct the Clerk of the Supreme Court to file the record.

GLAZE, J., not participating.