H. Stacy CLAYTON, J. Pat Belew, Joan Markland Belew, and Markland Labs of Arkansas, Inc. *v.*
IDEAL CHEMICAL & SUPPLY COMPANY

98-1113                                             977 S.W.2d 228

Supreme Court of Arkansas
Opinion delivered November 5, 1998

*Preston G. Hicky*, for appellants.

*Harrill & Sutter, PLLC*, by: *Raymond W. Harrill*, for appellee.

P ER CURIAM. Appellee Ideal Chemical & Supply Company has filed a motion to dismiss the appeal of appellants H. Stacy Clayton, J. Pat Belew, John Markland Belew, and Markland Labs of Arkansas, Inc., for failure to include in their notice of appeal a statement that financial arrangements have been made with the court reporter for preparation of the transcript, as required under Ark. R. App. P.—Civ. 3(e). The pertinent facts and dates follow: On March 27, 1998, the Lee County Circuit Court entered judgment in favor of appellee, awarding $71,312.28, with the judgment to bear interest at 10% per annum and to include costs of $210.00. On April 24, 1998, appellants filed a timely notice of appeal with the circuit court, indicating their intent to appeal the case to the Arkansas Court of Appeals. The notice included a statement that the transcript had been ordered from Ms. Linda E. Worstell, but did not include a statement that financial arrangements had been made to secure the record. Appellee filed a motion to dismiss the appeal with the circuit court on June 29, 1998, citing failure to state that financial arrangements have been made as an invalidating defect in the notice. On July 7, 1998, appellants filed a response to the motion in the circuit court, generally denying that it was defective. Appellants concurrently filed an amended notice of appeal, stating that financial arrangements had been made with Ms. Worstell, as required under Ark. Code Ann. § 16-13-510(c). Appellants filed

an affidavit executed by Ms. Worstell, along with their memorandum brief in support of their response to the motion to dismiss the appeal. In the affidavit, Ms. Worstell asserted that financial arrangements had been made and that she had received a fifty percent down payment. Appellants also requested, and the circuit court granted, an extension of sixty days to file the record in the appellate court, making the transcript due on or before September 21, 1998.

On September 10, 1998, appellee filed a motion to dismiss the appeal with this court. The motion was accompanied by a partial transcript, which included certified copies of the above-referenced documents. Appellee based this filing on the fact that the circuit court had not acted on its motion at that time. On September 18, 1998, appellants tendered a complete transcript of the underlying proceeding to the clerk, and the case was assigned the case number CA 98-1145.

■ ■ In *Green v. Williford*, 331 Ark. 533, 961 S.W.2d 766 (1998) (per curiam), we concluded that the fact that a notice of appeal may be invalid does not render the notice automatically void but rather voidable until actually annulled. We stated that while the financial-arrangement statement is essential to a notice of appeal, any challenge to the validity of the notice must be timely made. *Id.* Where the appellee waited until after the appellant had paid the court reporter and the record had been lodged in this court, we concluded that the contest was not timely made. *Id.* Specifically, we noted that although the notice of appeal may be invalid due to the omission of the financial-arrangements statement, this will not be fatal to the appeal if the record, including the trial transcript, is lodged with the Clerk in a timely manner. *Id.*

■ In *Quality Fixtures v. Multi-Purpose Fac. Bd.*, 334 Ark. 209, 970 S.W.2d 815 (1998) (per curiam), we applied our decision from *Green v. Williford*. We noted that the "purpose behind the financial-arrangements language has been satisfied by the tendering of the record *prior to submission* of the motion to dismiss." *Quality Fixtures*, 334 Ark. at 211, 970 S.W.2d at 816 (emphasis added). Therefore, the pertinent issue that we face in

the instant case is whether appellants tendered the record prior to submission of appellee's motion to dismiss.

Appellants lodged the record in case number CA98-1145 on September 18, 1998. The lower court had granted appellants' motion for an extension of time in which to lodge the record containing the trial transcript until September 21, 1998; so, the record was filed in a timely manner. Appellee's September 10, 1998 motion to dismiss came under submission to this court on September 24, 1998, after the record had been lodged with the Clerk. In addition, appellants, in their amended notice of appeal filed with the circuit court on July 7, 1998, submitted proof to the circuit court that they had paid Ms. Worstell one-half of her fee for preparing the transcript in advance.

█ By the time that appellee's motion to dismiss was under submission to this court, appellants had lodged the record with the Clerk and paid the amount that the court reporter required. We conclude on the basis of the Green and Quality Fixtures cases that the purpose underlying Ark. R. App. P.—Civ. 3(e) has been satisfied in this case, and we deny appellee's motion to dismiss this appeal. However, we also recognize that it is time for this Court to revisit the provisions of Rule 3(e) with a view toward making appropriate modifications.

NEWBERN and GLAZE, JJ., concurring in part, dissenting in part.

TOM GLAZE, Justice, dissenting in part; concurring in part. When this court amended Ark. R. App. P.—Civ. 3(e) to require that a notice of appeal state that financial arrangements had been made with the court reporter, and added that a notice of appeal is invalid if it does not contain this statement, see per curiam order of June 23, 1997, I had serious reservations that the new requirement was necessary. I joined in the amendment because the sole expressed reason for adopting it was to eliminate delays in the appeal process. See Reporter's Notes, [March] 1997 Amendment to Ark. R. App. P.—Civ. 3. It now appears that another purpose was intended — to assure court reporters are paid for their work. I think this last objective would be best left to the trial judges, court reporters, and attorneys to resolve.

In any event, this court in *Green v. Williford*, 331 Ark. 533, 961 S.W.2d 766 (1998) (per curiam), interpreted Rule 3(e), as amended, to mean that the fact a notice of appeal may be invalid does not render the notice automatically void, but rather voidable until actually annulled. This less than strict construction of the language in Rule 3(e) was a mistake, if this court's intended goal was to prevent delays in the appellate procedure. After all, invalid means illegal, not voidable.

We had another opportunity to interpret Rule 3(e) in *Quality Fixtures, Inc. v. Multi-Purpose Facilities, Inc.*, 334 Ark. 209, 970 S.W.2d 815 (1998), where we again allowed an appeal where the notice of appeal failed to comply with the Rule's clear language. There, we refused to enforce the Rule 3(e) mandatory terms because appellant Quality Fixtures had tendered the transcript to this court's clerk prior to the *submission* (not filing as noted in the *Greene* decision) of appellee Multi-Purpose Facilities' motion to dismiss.

In short, although this court's Rule 3(e) as amended clearly provides a notice of appeal is *invalid* if it does not contain the financial-arrangement language in the appellant's notice of appeal, the court will still permit an invalid notice if the appellant substantially complies with the Rule. In other words, this court, in spite of its new Rule 3(e) language, has returned to its earlier Rule 3(e) interpretation which allowed an appellant merely to comply substantially with Rule 3(e) requirements. *See Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925 S.W.2d 395 (1996).

In conclusion, I believe we should remove the "invalid" terminology from the present Rule which is confusing and misleading. Until then, I will join with the majority's tortured interpretation of the existing language contained in Rule 3(e), which permits the appellants to continue their appeal even though they have filed an invalid notice of appeal.

NEWBERN, J., joins this opinion.