DUGAL LOGGING, INC.; Meshell Timber Company, Inc.;
LTM Chips, Inc.; Anthony Forest Prods. Co.;
and Riverwood International U.S.A., Inc. *v.*
ARKANSAS PULPWOOD CO., Inc.

98-973                                                984 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered January 14, 1999

*Gary D. McDonald*, for appellant Dugal Logging, Inc.

*Henry C. Kinslow*, for appellant Meshell Timber Co.

*Boswell, Tucker & Brewster*, by: *Dennis J. Davis*, for appellant
LTM Chips, Inc.

*Hamilton & Hamilton,* by *James A. Hamilton,* for appellant Riverwood International U.S.A., Inc.

*Harrell & Lindsey, P.A.,* by: *Paul E. Lindsey,* for appellees.

TOM GLAZE, Justice. This case involves an action for wrongful timber cutting, trespass, and conversion, and was properly filed in the court of appeals. However, one of the appellants, Riverwood International U.S.A., Inc., moved to dismiss the appeal because appellants Dugal Logging Company, Inc. and LTM Chips, Inc. failed to file a proper motion to extend the time to lodge the transcript with the Supreme Court Clerk's office. Based upon its contention that no extension was properly obtained, Riverwood argued to the court of appeals that the appeals, both direct and cross, should be dismissed. The court of appeals denied Riverwood's dismissal motion, but subsequently certified the case to us because the court of appeals' dismissal ruling involved an interpretation of Rule 5 of the Arkansas Rules of Appellate Procedure—Civil. We accepted jurisdiction to decide this appellate-rule issue only. *Dugal Logging, et al. v. Arkansas Pulpwood Company, Inc., et al.,* 335 Ark. 546, 983 S.W.2d 126 (1998).

We first offer an abbreviated rendition of those facts needed to determine whether the appellants, particularly Dugal Logging and LTM Chips, failed to tender a timely record. After a trial on all issues on January 16, 1998, the Union County Circuit Court entered a judgment in favor of the landowners and assigns, the McHaney heirs and Arkansas Pulpwood Company, Inc. In sum, the trial court found that Arkansas Timber Corporation, Inc., which had contracted with Dugal Logging to cut timber on the McHaney property, did not have any title or claim to the timber when it was cut and sold. The circuit court further determined that Dugal Logging had trespassed on the property and converted the timber in question and that appellants Riverwood, Anthony Forest Products Company, and LTM were jointly liable with Dugal Logging for the conversion because they, as mills, bought the timber from Dugal Logging. Appellant Meshell Timber Company, Inc. was also found jointly liable because of timber

delivered under its contract with Riverwood. The trial court awarded relief on cross claims the appellants alleged against one another, but for purposes of our limited review, we need not delve into those claims or the detail of other judgments or directives set out in the circuit court's January 16, 1998 judgment.

The appellants, Dugal Logging, Meshell Timber, LTM Chips, Anthony Forest, and Riverwood each filed notices of appeals and amended notices of appeals, but the relevant first three notices were filed on February 17, 1998, by Meshell, LTM Chips, Anthony Forest, and Riverwood.[1] Thus, in accordance with Ark. R. App. P.—Civil 5(a), appellants were required to file their record with this court's clerk within ninety days from the filing of the first notice of appeal. In this situation, the ninety-day period would have ended on May 18, 1998, unless appellants obtained a timely extension. Pursuant to subsection b of Rule 5, in cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant(s), and upon a further finding that an extension is necessary, may extend the time for filing the record on appeal, but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order. The trial court can in no event extend the time more than seven months from the date of entry of the judgment.[2]

In the instant appeal, Dugal Logging, on April 15, 1998, made an oral motion to extend the time for the filing of the record; that motion was granted by the trial court. The trial court extended the time until August 16, 1998, or seven months from

---

[1] Anthony Forest and Riverwood joined in filing a notice of appeal. There were actually eleven notices and amended notices of appeals in an effort by appellants to comply with the requirements of Arkansas Rules of Appellate Procedure—Civil 3 and 5. For example, some of the original notices of appeal did not contain language reflecting the requirement that financial arrangements for the record had been made with the court reporter.

[2] Rule 5(b) also deals with time schedules where timely post-judgment motions are filed, but those provisions are not apposite here.

the date of entry of the trial court's January 16, 1998 judgment.[3] On May 13, 1998, LTM Chips filed a written motion for extension of time to lodge the record, and the trial court also granted this motion, directing the record to be filed on or before August 16, 1998. The record was filed and accepted by the clerk's office on August 10, 1998.

Riverwood argues that Dugal Logging's and LTM Chips's extensions were granted erroneously because the trial court did not first conduct an evidentiary hearing. Riverwood submits that Rule 5(b) requires such a hearing and that afterwards the trial court must then make a specific finding that an extension is necessary and a transcript has been ordered. Riverwood cites several cases in support of its argument. *See Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995); *Alexander, Clerk v. Beaumont, Judge*, 275 Ark. 357, 629 S.W.2d 300 (1982); *Harper v. State*, 262 Ark. 294, 556 S.W.2d 142 (1977); *see also West v. State*, 322 Ark. 114, 907 S.W.2d 133 (1995). We do not address Riverwood's contention because its motion to dismiss was not timely filed. If Riverwood had a serious question as to whether a hearing was required for Dugal Logging or LTM Chips to show that a record had been ordered and an extension was necessary, it should have raised the issue before the record was filed with this court's clerk.

In *Green v. Williford*, 331 Ark. 533, 961 S.W.2d 766 (1998), we dealt with a comparable situation, which concerned Green's noncompliance with Arkansas Rule of Appellate Procedure — Civil 3(e) when he filed his notice of appeal without a statement that financial arrangements had been made with the court reporter. Williford moved to dismiss Green's appeal because Rule 3(e) provides that a notice of appeal is invalid if it does not include the financial-arrangement language. This court denied Williford's motion to dismiss by pointing out that a notice of appeal may be invalid for failure to include the relevant statement,

---

[3] We acknowledge the fact that Dugal filed a motion to amend the judgment which was denied on February 13, 1998. While, under Ark. R. App. P.—Civil 5(b), the time should have been extended to September 14, 1998, this fact, as explained, is not critical to our determination of this matter.

but that the omission of such language does not render the notice automatically void. 331 Ark. at 535, 961 S.W.2d at 767-768. Rather, the court held such an omission made it voidable until annulled. *Id.* This court further concluded that such an omission will not be fatal to the appeal if the record, including the trial transcript, has been lodged with the clerk in a timely manner. The court said that, prior to an appellant's lodging of the record on appeal, a challenge to the appeal may be made by filing a motion to dismiss the appeal accompanied by a partial record. *See also Quality Fixtures, Inc. v. Multi-Purpose Facilities Bd.*, 334 Ark. 209, 970 S.W.2d 815 (1998); *Clayton v. Ideal Chem. & Supply Co.*, 335 Ark. 73, 977 S.W.2d 228 (1998).

The *Green* rationale and holding is applicable here. Riverwood waited until after the appellants filed their record with this court's clerk before Riverwood decided to contest either Dugal Logging's or LTM Chips's motion for extension. Instead, the appellants filed their record on August 10, 1998, which was six days before the seven-month extension period expired. As noted above, if Riverwood had serious doubts about whether the appellants had ordered a record or needed additional time to file a transcript, Riverwood should have filed its dismissal motion long before the appellants filed their record with this court.

■ For the reasons above, we deny Riverwood's motion to dismiss, and reassign this case to the court of appeals to decide the remaining issues.