Dewayne GLASS; Avenell Scott;
Ray Albert Hussey; Jason Jordan *v.*
STATE of Arkansas

CR 00-454; CR 00-455;
CR 00-457; CR 00-459                                        16 S.W.3d 543

Supreme Court of Arkansas
Opinion delivered May 11, 2000

*G.B. "Bing" Colvin, III*, for appellants.

No response.

Per Curiam. Before us are four motions for rule on the clerk submitted by G.B. "Bing" Colvin, III, requesting permission to file belated petitions for review of orders by the Arkansas Court of Appeals denying his motions for attorneys' fees in the above-captioned matters.

Mr. Colvin is the managing attorney for the Tenth Judicial District Public Defender Office. The motions for attorneys' fees for which he seeks review were submitted on behalf of his office by attorneys who acted as "briefing assistants" for the public defender's office. The briefing assistants, according to Mr. Colvin, are private attorneys who assisted in the preparation of appellate briefs on behalf of indigent criminal defendants represented by the public defender's office. In return for the appellate work, the briefing assistants were to receive as compensation any attorneys' fees granted by the appellate court in the matters on which they worked. They submitted the motions for attorneys' fees on behalf of the public defender. In exchange, the public defender agreed to endorse the payment by the appellate court and deliver it in its entirety to the briefing assistants. Following this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), wherein we held that state-salaried public defenders are not entitled to additional compensation for appellate work, the Court of Appeals denied the motions for attorneys' fees in the above-captioned matters submitted on behalf of the Tenth Judicial District Public Defender Office. Mr. Colvin requests that we review those rulings and declare *Rushing* inapplicable to the above-captioned cases for two principal reasons. First, Mr. Colvin argues that the appellate work for which fees are sought was performed prior to this court's decision in *Rushing*, thereby rendering the Court of Appeals denial of fees in these cases a retroactive application of new law. Second, he alleges that *Rushing* is inapplicable where the entire award of attorney's fees will be given to private counsel who merely contracted with the public defender's office for the work. Consequently, no state-salaried public defender will actually be compensated by the award of attorney's fees.

While this court has the discretion to review the decisions of the Court of Appeals, as Mr. Colvin has acknowledged in his motion, that discretion is limited to the review of appeals decided by the Court of Appeals. Ark. Sup. Ct. R. 1-2(e). Unless the matter sought to be reviewed involves a motion to dismiss appeal,

thereby invoking this court's ultimate authority as to the determination of appellate jurisdiction, we do not review rulings by the Court of Appeals on motions.[1] *See Simmons v. State*, 341 Ark. 251, 15 S.W.3d 344 (2000); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999); *Tabor v. State*, 326 Ark. 51, 930 S.W.2d 319 (1996); *Kimble v. Gray*, 313 Ark. 373, 853 S.W.2d 890 (1993). The motions for rule on the clerk are, therefore, denied.

---

[1] It should be noted that motions involving an issue of significant public interest may be certified to us by the Court of Appeals pursuant to Ark. Sup. Ct. R. 1-2(d). *Webber v. Arkansas Dep't of Human Servs.*, 334 Ark. 527, 975 S.W.2d 879 (1998); *See also, Dugal Logging, Inc. v. Arkansas Pulpwood Co.*, 336 Ark. 55, 984 S.W.2d 410 (1999); *Dugal Logging, Inc. v. Arkansas Pulpwood Co.*, 335 Ark. 546, 983 S.W.2d 126 (1998).