Allie CRELIA *v.* RHEEM MANUFACTURING COMPANY, Crawford & Company, Second Injury Fund, Death & Permanent Total Disability Fund

CA 06-1224                                               257 S.W.3d 115

Court of Appeals of Arkansas
Opinion delivered May 16, 2007

*Walter, Hamby & Gaston*, by: *Michael Hamby*, for appellant.

*Warner, Smith & Harris, PLC*, by: *Jason T. Browning*, for appellee Rheem Manufacturing Co.

*Terry Pence*, for appellee Second Injury Fund.

JOSEPHINE LINKER HART, Judge. Appellant, Allie Crelia, argues that the Arkansas Workers' Compensation Commission erred in finding that she was not permanently and totally disabled or,

alternatively, erred in finding that she was not entitled to wage-loss disability over and above the permanent partial impairment rating to her right hand. We affirm.

On August 5, 2002, appellant sustained an admittedly compensable injury to her right hand during her employment with appellee Rheem Manufacturing Company. The injury occurred when four fingers of her right hand were amputated while she was working on a press. Rheem's insurance carrier, Crawford & Company, accepted a sixty-three percent anatomical impairment rating to appellant's right hand. Appellant also received benefits for a compensable injury to her left elbow, epicondylitis.

Appellant argues that the Commission erred when it found that she was not permanently and totally disabled, and she marshals several facts in support of her position.[1] Appellant notes that she was sixty-four years old at the time of the hearing, has a high-school education, and has performed factory work all her life. She further notes that she has had four fingers on her dominant hand amputated, suffers from post-traumatic stress disorder from the accident, has preexisting problems with ulcers on her feet that limit the amount of standing and walking she can do, and has developed epicondylitis in her left arm due to overcompensation with that arm.

"Permanent total disability" is defined as the "inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment." Ark. Code Ann. § 11-9-519(e)(1) (Repl. 2002). Further, "[t]he burden of proof shall be on the employee to prove inability to earn any meaningful wage in the same or other employment." Ark. Code Ann. § 11-9-519(e)(2). When an appeal is taken from the denial of a claim by the Commission, the substantial-evidence standard of review requires that we affirm the decision if the Commission's opinion displays a substantial basis for the denial of relief. *See* *McDonald v. Batesville Poultry Equipment*, 90 Ark. App. 435, 206

---

[1] Appellees do not cross-appeal the issue of whether a claimant who has a scheduled injury that does not constitute permanent total disability as set forth in Ark. Code Ann. § 11-9-519(b), may nevertheless be awarded permanent total disability benefits. This issue requires interpretation of Ark. Code Ann. § 11-9-519(c) and (f), and we expressly left this issue open in *McDonald v. Batesville Poultry Equipment*, 90 Ark. App. 435, 206 S.W.3d 908 (2005).

S.W.3d 908 (2005). We defer to the Commission on issues involving the weight of the evidence and the credibility of the witnesses. *Id.*

▪ Here, the ALJ, in an opinion adopted and affirmed by the Commission, considered the facts noted by appellant. The ALJ, however, observed that appellant underwent a functional-capacity examination, which considered the amputation of her fingers and her epicondylitis, and was found to be capable of performing "medium" work. Further, the ALJ noted that Rheem offered employment in janitorial services that fell within these restrictions and was willing to make accommodations to facilitate appellant's employment, including allowing her to sit as needed and to work only in the administrative offices. Appellant, however, declined this employment. Also, a clinical psychologist, Winston Wilson, recommended that appellant be considered for work that was less demanding than she previously had performed. Further, to alleviate her foot condition, Dr. John Moore directed that she wear compression stockings and limit the amount of time she spent each day in prolonged standing. The burden of proof was on appellant to prove an inability to earn any meaningful wage in the same or other employment, and given the evidence relied on by the Commission, we cannot say that there was not a substantial basis for the denial of relief.

Appellant alternatively argues that the Commission erred in finding that she was not entitled to wage-loss disability over and above her impairment rating to her right hand, noting her previous diagnosis of foot ulcers. Appellant asserts that the Second Injury Fund bears the liability for wage-loss disability benefits under Ark. Code Ann. § 11-9-525 (Repl. 2002), which governs the liability of the Second Injury Fund. She argues that there is no language in that statute excluding consideration of wage loss to a claimant who has a scheduled injury as well as a prior impairment.

▪ Appellant's injury to her hand was a scheduled injury. We observe that Ark. Code Ann. § 11-9-521(g) (Repl. 2002), provides that "[a]ny employee suffering a scheduled injury shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment set forth above except as otherwise provided in § 11-9-519(b)." The later provision, Ark. Code Ann. § 11-9-519(b), then describes what constitutes permanent total disability when there is a combination of two scheduled injuries of particular types. Considering these statutes,

we hold that a claimant with a scheduled injury is not entitled to permanent partial disability benefits. Our holding here is consistent with our decision in *Maxey v. Tyson Foods, Inc.*, 66 Ark. App. 301, 991 S.W.2d 624 (1999), *rev'd on other grounds*, 341 Ark. 306, 18 S.W.3d 328 (2000), where we held that a claimant was not entitled to wage-loss disability benefits for a scheduled injury.

■ Moreover, as we held in *Maxey*, we construe Ark. Code Ann. § 11-9-521 and -525 harmoniously, and thus, the claimant's recovery for a scheduled injury is restricted to the appropriate scheduled amount, regardless of whether the claimant is seeking recovery from the employer, the insurer, or the Second Injury Fund. Thus, we hold that appellant is not entitled to wage-loss benefits in addition to the compensation she received for her scheduled injury.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.