VIMY RIDGE MUNICIPAL WATER IMPROVEMENT
DISTRICT NO. 139 of Little Rock and The Bank of New York
Trust Company of N.A. *v.* J.A. RYLES; G.P. Ryles, Guy Maris;
Rylwell, LLC; John Ryles; Whitwell, Inc.; and Mark Wilcox,
Commissioner of State Lands of Arkansas

07–1262                                           284 S.W.3d 70

Supreme Court of Arkansas
Opinion delivered May 8, 2008

*Riable & Crabtree*, by: *Mark Riable* for appellant Vimy Ridge Municipal Water Improvement District No. 139.

*Friday, Eldredge & Clark, LLP*, by: *Larry W. Burks*, for appellant The Bank of New York Company, N.A.

*Hurley & Whitwell, PLLC*, by: *Stephen E. Whitwell*, for appellees.

TOM GLAZE, Justice. Appellants Vimy Ridge Municipal Water Improvement District No. 139 and The Bank of New York Trust Company, (collectively, "Vimy Ridge") appeal an order of the Pulaski County Circuit Court that granted summary judgment in favor of appellees J.A. Ryles; Rylwell LLC; John Ryles; Guy Maris; Whitwell Inc.; and Mark Wilcox, Land Commissioner (collectively, "Ryles"). We affirm.

On October 1, 2004, Vimy Ridge filed a foreclosure action against Ryles and other defendants, claiming that municipal improvement district taxes were delinquent. Ryles argued that Vimy Ridge's foreclosure action was barred by a three-year statute of limitations under Ark. Code Ann. § 14-28-1208 (Repl. 1998). At a hearing on summary-judgment motions, Ryles argued that the Little Rock ordinance pertaining to the Vimy Ridge water improvement district taxes did not specify when those taxes became delinquent, but under Ark. Code Ann. § 14-86-1204 (Repl. 1998), when a district fails to specify the time of delinquency, the special taxes become delinquent ninety days after those special

taxes become "due and payable." Vimy Ridge countered that the ordinance adopted the same collection method as used for general taxes under Title 26, which are due and payable from the first business day of March through October 10, and did not become delinquent until October 10, 2001. Because Vimy Ridge filed its foreclosure action on October 1, 2004, it asserted its action was filed nine days within the three-year statute of limitations.

The circuit court granted Ryles's motion for summary judgment, holding that Ark. Code Ann. § 26-36-201(a) (Supp. 2007) was not applicable to the improvement district's special taxes at issue. Vimy Ridge appealed the circuit court's ruling, but this court held that there was no record of any disposition regarding defendants "G.P. Ryles, Guy Maris, John Doe(s) and Jane Doe(s)." We dismissed the appeal without prejudice because there was no final order. *Vimy Ridge Mun. Water Imp. Dist. No. 139 v. Ryles*, 369 Ark. 217, 253 S.W.3d 436 (2007). The trial court issued a final order on August 15, 2007, and Vimy Ridge now repeats the arguments as to the merits it previously presented in its first appeal.

As an initial matter, Ryles contends that this court lacks jurisdiction because Vimy Ridge's second notice of appeal does not reference the final order issued by the trial court on August 15, 2007. Instead, the notice of appeal mentions the summary judgment order entered May 19, 2006. However, the trial court's August 15, 2007 order simply reiterated the previous disposition of the motions for summary judgment, and dismissed with prejudice the defendants unaddressed by the previous order. Under these circumstances, Vimy Ridge's failure to designate the August 15 order in its notice of appeal is not fatal to this appeal. *See Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Sudrick*, 49 Ark. App. 84, 896 S.W.2d 452 (1995); *see also Dugal Logging, Inc. v. Ark. Pulpwood Co., Inc.*, 336 Ark. 55, 984 S.W.2d 410 (1999) (explaining that an appellant's noncompliance with Ark. R. App. P.–Civ. 3(e) does not render the notice automatically void).

Turning to the merits of this case, we do so by reviewing the trial court's decision in this tax case *de novo*, but will not disturb the trial court's findings of fact unless they are clearly erroneous. *Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001); *Pledger v. Troll Book Clubs, Inc.*, 316 Ark. 195, 871 S.W.2d 389 (1994). This court also reviews issues of statutory construction *de novo*, because it is for this court to decide what a statute means. *City of Maumelle v. Jeffrey Sand Co.*, 353 Ark. 686, 120 S.W.3d 55

(2003). While this court is not bound by the decision of the trial court, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Barclay, supra.*

The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Weiss v. McFadden,* 353 Ark. 868, 120 S.W.3d 545 (2003). An additional rule of statutory construction in the area of taxation cases is that when the court reviews matters that involve the levying of taxes, any and all doubts and ambiguities must be resolved in favor of the taxpayer. *Barclay, supra.* Further, this court has stated that "it is blackletter law for statutory construction to give effect to the specific statute over the general." *Id.* at 730, 42 S.W.3d at 508 (citing *Board of Trustees for City of Little Rock Police Dept. Pension & Relief Fund v. Stodola,* 328 Ark. 194, 942 S.W.2d 255 (1997)).

The special tax provision for the Vimy Ridge improvement district is provided for in Little Rock ordinance number 15-513. The relevant section of the ordinance reads as follows:

> the assessment . . . shall be collected by the County Collector with the first installment of general taxes becoming due in the year 1989 and annually thereafter with the first installment of general taxes until the whole of the local assessment shall be paid.

The ordinance does not specify the date the special taxes are delinquent, and § 14-86-1204 states that when an improvement district fails to specify the date its special taxes become delinquent by ordinance, the delinquency date is ninety days after they first become due and payable.

Vimy Ridge presents two arguments. First, Vimy Ridge asserts that § 26-36-201(a) should be applied to the question of when the improvement taxes become delinquent. That section states that general taxes become delinquent on October 10; therefore, Vimy Ridge argues that the special taxes established in the ordinance also became delinquent on October 10. Vimy Ridge's second argument is that the ordinance does not address what is "due and payable" and that the only specification for the payment of special taxes is, under Ark. Code Ann. § 14-90-801(a) (Repl. 1998), *annual* special tax assessments are first collected as specified by the ordinance, and subsequent annual installments of the special

tax "shall be paid" with the first installment of general taxes. Vimy Ridge argues that it follows that "due and payable" is a period of time, not a single day, and that under the installment plan for general taxes found in § 26-35-501(a)(1) (Supp. 2007), that period of time does not end until October 10.

Both of Vimy Ridge's arguments err by attempting to apply provisions for the payment of general taxes found in Title 26 of the Arkansas Code to the special taxes of improvement districts under Title 14. In *Quapaw Central Business Improvement District v. Bond-Kinman, Inc.*, 315 Ark. 703, 706, 870 S.W.2d 390, 391-92 (1994), the court pointed out that municipal improvement districts "constitute a separate and distinct species of taxing districts as contradistinguished from counties, municipal corporations and school districts."

Looking to provisions for general or ad valorem taxes, § 26-36-201(a) reads as follows:

> (a)(1) All taxes levied on real estate and personal property for the county courts of this state . . . shall be deemed to be due and payable at the county collector's office any time from the first business day of March to and including October 10.

> (2) All taxes unpaid after October 10 shall be considered as delinquent.

Section 26-35-501(a) allows for these annual general or ad valorem taxes to be paid in quarterly installments, and provides:

> (a)(1) All ad valorem taxes levied on real and personal property by the several county courts of the state when assembled for the purpose of levying taxes . . . shall be due and payable on and from the first business day in March to and including October 10 in the year succeeding the year in which the levy is made.

> (2)(A) Every taxpayer other than a utility or carrier shall have the option to pay the taxes on real property of the taxpayer in installments as follows:

> (i) The first installment of one-fourth of the amount of the taxes shall be payable on and from the third Monday in February to and including the third Monday in April;

> (ii) A second installment of one-fourth (1/4) or a first installment of one-half if no payment was made before the third Monday in April

shall be payable on and from the third Monday in April to and including the third Monday in July; and

(iii) The third installment of one-half (1/2) shall be payable on and from the third Monday in July to and including October 10.

Clearly, the General Assembly has provided that general taxes may be paid in installments under the schedule provided in § 26-35-501(a) that extend until October 10, and that the general taxes do not become "delinquent" until October 10 under § 26-36-201(a).

However, these provisions for general taxes under Title 26 would only apply to municipal improvement district taxes if they *specifically adopted* the installment scheme by ordinance. Section 14-90-801(b)(2) (emphasis added) states that:

> The municipality *may* provide in the ordinance that, after payment of the initial installment, the annual assessment of benefits may be paid in quarterly installments along with the quarterly installments of ad valorem taxes at the election of the taxpayer.

> This section allows a municipality to provide, by ordinance, for the taxpayer in the improvement district to pay their special taxes in installments and on the same schedule as the general or ad valorem taxes.

The Little Rock ordinance at issue provides that the water improvement district assessment "shall be collected by the County Collector with the first installment of general taxes becoming due in the year 1989 and annually thereafter with the first installment of general taxes until the whole of the local assessment shall be paid." By the ordinance's plain language, the improvement district tax becomes due and payable at the same time as the first installment of the general taxes provided for in § 26-35-501(a) — "the third Monday in February to and including the third Monday in April."

Although the Little Rock ordinance *did* specify that the special taxes were to be collected "annually [ ] with the first installment of general taxes," the ordinance *did not* adopt the subsequent quarterly installment provisions for general taxes under Title 26, which improvement districts "may" adopt by ordinance as provided by § 14-90-801(b)(2). Without such adoption, and without specifying the date the special taxes are delinquent, the specific statute dealing with when special improvement taxes

become delinquent applies (§ 14-86-1204), and the delinquency date is ninety days after the special taxes are due and payable. Therefore, because the Little Rock ordinance specifies that the special taxes are to be collected *annually*, "with the first installment of general taxes," and § 26-35-501(a) specifies that the first installment of the general taxes "shall be payable on and from the third Monday in February to and including the third Monday in April," the three-year statute of limitations began to run ninety days after the third Monday in April, 2001, well before Vimy Ridge filed its foreclosure action on October 1, 2004. Accordingly, the trial court did not err in holding that the statute of limitations barred Vimy Ridge's foreclosure action for the 2001 delinquent improvement district taxes.

Affirmed.