## WILKINS & ASSOCIATES, INC. *v.*
## VIMY RIDGE MUNICIPAL WATER IMPROVEMENT
## DISTRICT NO. 139

07-690                                                     285 S.W.3d 193

Supreme Court of Arkansas
Opinion delivered May 29, 2008

*Ralph Washington*, for appellant.

*Riable & Crabtree*, by: *Mark Riable*, for appellee Vimy Ridge Municipal Water Improvement Dist. No. 139.

*Friday, Eldredge & Clark, LLP*, by: *Larry W. Burks*, for appellee The Bank of New York Trust Company, N.A.

Jim Gunter, Justice. This appeal arises from an order of the Pulaski County Circuit Court awarding summary judgment to Appellee Vimy Ridge Municipal Water Improvement District No. 139 ("Vimy Ridge"). For the reasons set forth in *Vimy Ridge Municipal Water Improvement District No. 139 of Little Rock v. Ryles*, 373 Ark. 366, 284 S.W.3d 70 (2008), we reverse the order of the circuit court.

On October 1, 2004, Vimy Ridge filed a complaint for foreclosure against Appellant Wilkins and Associates, Inc. ("Wilkins") and others for the non-payment of improvement

district assessments for the years 2001, 2002, and 2003. On August 1, 2005, Vimy Ridge filed a motion for summary judgment. Wilkins filed its response on September 20, 2005. On January 6, 2006, a hearing was held on the motion for summary judgment where Wilkins argued that the foreclosure complaint filed on October 1, 2004, was barred by the three-year statute of limitations under Ark. Code Ann. § 14-86-1208 (Repl. 1998). Wilkins asserted that, pursuant to Ark. Code Ann. § 14-86-1204 (Repl. 1998), the special improvement taxes are due on March 1, and are considered delinquent ninety days after that date. Wilkins argued that the complaint for the 2001 taxes should have been filed by June 1, 2004, and was therefore barred by the statute of limitations. The circuit court ruled that Ark. Code Ann. § 26-35-501 (Supp. 2007) includes special district taxes and that the 2001 taxes were not delinquent until after October 10, 2004. The circuit court ruled that the foreclosure complaint was timely and granted Vimy Ridge's motion for summary judgment. Wilkins now brings this appeal.

For its sole point on appeal, Wilkins argues that the circuit court erred in granting Vimy Ridge's motion for summary judgment because the statute of limitations had expired regarding the special improvement district assessment for 2001. Specifically, Wilkins asserts that assessments become due and payable on March 1, pursuant to Ark. Code Ann. § 26-35-501 and become delinquent 90 days later pursuant to § 14-86-1204. Therefore, Wilkins contends that the 2001 assessment in this case became delinquent on June 1, 2001, and Vimy Ridge's October 1, 2004 foreclosure complaint is barred by the three-year statute of limitations.

Vimy Ridge responds, asserting that, because § 26-36-201(a)(2) (Supp. 2007) fixes October 10 as the time at which all unpaid taxes become delinquent, § 14-86-1204 does not apply in this situation. It asserts that § 26-36-201 includes the improvement taxes at issue in this case, and therefore, the 2001 taxes did not become delinquent until October 11, 2001. Because the complaint for foreclosure was filed on October 1, 2004, Vimy Ridge contends that it was filed within the three-year statute of limitations.

We review a circuit court's decision in a tax case de novo, but will not disturb the circuit court's findings of fact unless they

are clearly erroneous. *See Vimy Ridge v. Ryles, supra.* We also review issues of statutory construction de novo, because it is for this court to decide what a statute means. *Id.* (citing *City of Maumelle v. Jeffrey Sand Co.,* 353 Ark. 686, 120 S.W.3d 55 (2003)). While we are not bound by the decision of the circuit court, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Vimy Ridge v. Ryles, supra* (citing *Barclay v. First Paris Holding Co.,* 344 Ark. 711, 42 S.W.3d 496 (2001)).

We previously addressed the issue of when special taxes of municipal improvement districts become delinquent in *Vimy Ridge v. Ryles, supra.* In that case, Vimy Ridge filed a foreclosure action against Ryles, claiming that municipal improvement district taxes were delinquent. Ryles argued that Vimy Ridge's foreclosure action was barred by the three-year statute of limitations. The circuit court granted Ryles's motion for summary judgment, holding that Ark. Code Ann. § 26-36-201(a) was not applicable to the improvement district's special taxes at issue. Citing *Quapaw Central Business Improvement Dist. v. Bond-Kinman, Inc.,* 315 Ark. 703, 706, 870 S.W.2d 390, 391-92 (1994), where we pointed out that municipal improvement districts "constitute a separate and distinct species of taxing districts as contradistinguished from counties, municipal corporations and school districts," we rejected Vimy Ridge's arguments because they attempted to apply provisions for the payment of general taxes found in Title 26 of the Arkansas Code to the special taxes of improvement districts under Title 14. *Vimy Ridge,* 373 Ark. at 371-72, 284 S.W.3d at 74. We held that, while the general taxes do not become delinquent until October 10, pursuant to § 26-36-201(a), "these provisions for general taxes under Title 26 would only apply to municipal improvement district taxes if they *specifically adopted* the installment scheme by ordinance" pursuant to Ark. Code Ann. § 14-90-801(b)(2) (Repl. 1998), stating:

> Although the Little Rock ordinance [15-513] did specify that the special taxes were to be collected "annually with the first installment of general taxes," the ordinance did not adopt the subsequent quarterly installment provisions for general taxes under Title 26, which improvement districts "may" adopt by ordinance as provided by § 14-90-801(b)(2). Without such adoption, and without specifying the date the special taxes are delinquent, the specific statute dealing with when special improvement taxes become delinquent applies (§ 14-86-1204), and the delinquency date is ninety

days after the special taxes are due and payable. Therefore, because the Little Rock ordinance specifies that the special districts are to be collected annually, "with the first installment of general taxes," and § 26-35-501(a) specifies that the first installment of the general taxes "shall be payable on and from the third Monday in February to and including the third Monday in April," the three-year statute of limitations began to run ninety days after the third Monday in April, 2001, well before Vimy Ridge filed its foreclosure action on October 1, 2004. Accordingly, the trial court did not err in holding that the statute of limitations barred Vimy Ridge's foreclosure action for the 2001 delinquent improvement district taxes.

*Id.*

We affirmed the circuit court's ruling that the statute of limitations barred Vimy Ridge's foreclosure action for the 2001 delinquent improvement district taxes. For the reasons stated in *Vimy Ridge v. Ryles, supra*, we hold that Vimy Ridge's October 1, 2004 complaint for foreclosure against Wilkins in this case is also barred by the statute of limitations. Accordingly, we reverse the order of the circuit court.

Reversed.