Courtney Hudson Goodson, Justice, concurring. We accepted certification of this case from our court of appeals. In the certification memorandum transmitted by the court of appeals, the court asked us to consider an issue it believes to be of jurisdictional significance concerning the contents of a notice of appeal, noting an apparent conflict between the decisions of this court and the court of appeals. Rightfully so, the majority opinion resolves this conflict. I write separately to underscore why it is necessary to address the issue raised by the court of appeals. |nMann’s notice of appeal states that he is appealing the “[ojrder filed December 19, 2013 (and dated December 6, 2013) granting Plaintiffs’ Motion for Summaiy Judgment as to Liability for Compensatory and Punitive Damages.” The certification memo from the court of appeals suggests that the designation of the order appealed from is faulty because it does not list the final order entered on March 23, 2015, from which an appeal can be taken. The court points out that it has dismissed appeals where the final order is not designated in the notice of appeal. See, e.g,, Brown v. United Bank, 2014 Ark. App. 643, 448 S.W.3d 726; Daniel v. State, 64 Ark. App. 98, 983 S.W.2d 146 (1998). It further observes that these decisions appear to be inconsistent with this court’s opinion in Vimy Ridge Municipal Water Improvement District No. 139 of Little Rock v. Ryles, 373 Ark. 366, 284 S.W.3d 70 (2008). By certifying this case to us, the court of appeals is seeking clarification of the rule and is asking us to resolve the conflict in the decisions of our appellate courts. In Jasper v. Johnny’s Pizza, 305 Ark. 318, 807 S.W.2d 664 (1991), the notice of appeal failed to designate the judgment or order being appealed as required by Rule 3(e). We held that this was not a fatal defect that required the dismissal of the appeal. Instead, this court held that it is the timing of a notice of appeal that is of jurisdictional significance. See also Davis v. Ralston Purina Co., 248 Ark. 14, 449 S.W.2d 709 (1970) (holding that the filing of a notice of appeal is jurisdictional but irregularities in the other procedural steps found in Rule 3(e) are merely grounds for such action as this court deems appropriate). In subsequent decisions, we have held that an appellant’s failure to strictly comply with the provisions of Rule 3(e) does not render the notice of appeal automatically void. Vimy Ridge, supra; Dugal Logging, Inc. v. Ark. Pulpwood Co., 336 Ark. 55, 984 S.W.2d 410 (1999); Green v. Williford, 331 Ark. 533, 961 S.W.2d 766 (1998). This court has also observed that the procedural steps outlined in Rule 3(e) require only substantial compliance, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. Rogers v. Tudor Inc. Co., 325 Ark. 226, 925 S.W.2d 395 (1996); Hudson v. Hudson, 277 Ark. 183, 641 S.W.2d 1 (1982). Even so, my research reveals a degree of inconsistency in our own decisions. See, e.g., Lindsey v. Green, 2010 Ark. 118, 369 S.W.3d 1 (dismissing a cross-appeal where the appealing party failed to designate the order it was cross-appealing). The court of appeals has squarely presented this question to us, and the opportunity presents itself to resolve the issue in this appeal. Obviously, there is a need for clarification because the court of appeals is treating this as a jurisdictional issue, when clearly it is not. If this court did not provide an analysis of this fundamental issue, we would be abdicating our responsibility to educate and to provide guidance when the law appears to be uncertain. There is no sound reason to avoid addressing this point. By settling this issue, the court of appeals will no longer improperly dismiss an appeal based on this defect in a notice of appeal. I submit that answering this question is a worthwhile endeavor.