CITY OF SPRINGDALE *v.* GAGE.

4-8680                                          216 S. W. 2d 390

Opinion delivered January 10, 1949.

*Ulys A. Lovell* for appellant.

*Greenhaw & Greenhaw,* for appellee.

SMITH, J. Appellees filed separate suits against the Mayor, City Collector and Chief of Police of the City of Springdale, in which they alleged that they are engaged in the business of supplying marble and music machines to various places of business in Springdale; that the City has by its ordinance levied a fee of $100 per annum on music machine operators and a fee of $75 per annum on marble machine operators, for the privilege of operating such machines in the City of Springdale, and that in addition the City had, by ordinance, levied an occupation tax of $2.50 on each machine so operated. Appellees alleged that these fees of $100 and $75 are illegal and Act. No. 201 of the Acts of 1939 is pleaded as a bar to the collection of such fees. Appellees further alleged compliance with all state and federal laws on the subject and they have tendered $5 for each of such machines to the City of Springdale, but have refused to pay the license fees of $100 and $75 respectively, and the City disconnected the machines so that they cannot be used for their intended purpose.

The tender of $5 for each machine was renewed as an annual privilege tax, and license fee, and appellees pray that the City be enjoined from attempting to collect any amount in excess of the amounts tendered.

A temporary restraining order was granted, which on final hearing was made permanent and from that decree is this appeal. This was done after the demurrer of the City had been overruled and the City had declined to plead further.

The action of the City is defended upon the ground that it is a valid exercise of the power conferred by § 9589 of Pope's Digest. This is the section expressly conferring certain police powers upon municipalities and if it be conceded that, if read by itself, the power is conferred to impose the license fees here in question, it also appears that this power has been restricted by Act 201 of the Acts of 1939 in respect to the operation of such machines as appellees own and propose to operate.

Section One of this Act 201 declares its purpose to be to permit and license the operation of coin operated amusement games and to regulate the same and to fix a penalty for a violation of the Act and to repeal and amend certain sections of Act 137 of the Acts of 1933.

Section Two of this Act provides that it shall include certain amusement games that are named, and other miniature games "whether or not it shows a score and not hereinafter excluded in § 3 hereof, and where the charge for playing is collected by a mechanical device, and the operation of any of said games shall not be construed to be in violation of any of the laws of this State when operated in accordance with the provisions of this Act."

Section Three provides that the Act shall not apply to any machine with an automatic money pay-off mechanism.

Section Four provides that on each amusement game there shall be imposed an annual privilege tax of $5, or one-half that sum for the last six months of the fiscal year, and that upon payment of the tax the State Revenue Commissioner shall issue a license tag showing the tax paid, and the time covered by the payment, which tag must be attached to the machine before being placed in operation.

Section Five declares the operation of any machine on which the tax has not been paid to be a public nuisance, and § six provides the tax to be paid on certain vending machines.

Section Seven authorizes the State Revenue Commissioner to make rules and regulations for the enforcement of the Act, and § Eight provides how the revenue derived shall be distributed.

Section Nine is a severalty clause, and § ten reads as follows:

"All municipal corporations may license and tax amusement games and venders described in §§ 2 and 6 of this Act, provided that the fee shall not exceed the amount of tax imposed by § 4 and § 6 of this Act."

Section Eleven repeals all laws or parts of laws in conflict with the Act.

Section ten, above quoted, provides that municipal corporations may "license and tax amusement games." But it imposes a limitation as to the extent to which this power may be exercised, and this is that the fee shall not exceed the amount of tax imposed by §§ 4 and 6 of the Act, and the complaints alleged the tender of payment of the highest amount allowed by law.

We think the fair and proper construction of Act 201 is that it imposed a tax, whether it be a privilege tax or an occupation tax, which when paid to the city authorizes the operation of the amusement games in the City to which the tax is paid and that this tax cannot exceed the limit set by Act 201, and as the complainants allege the tender of the full and highest amount allowed by law, the demurrer to the complaints was properly overruled and the decree is affirmed.