P.A. STRICKLIN et al. *v.* Patrick Henry HAYS, Mayor of
North Little Rock

97-721                                              965 S.W.2d 103

Supreme Court of Arkansas
Opinion delivered March 19, 1998

[Supplemental opinion on denial of rehearing issued
May 7, 1998.]

*Lavey & Burnett*, by: *John L. Burnett*, for appellants.

*Jeannette L. Hamilton*, Assistant City Att'y, for appellees.

W.H. "DUB" ARNOLD, Chief Justice. This case involves a salary dispute between the appellants, P.A. Stricklin and other North Little Rock firefighters, and the City of North Little Rock, of which appellee Patrick Henry Hays serves as mayor. Resolution of this appeal requires our interpretation of an initiated ordinance, adopted by popular vote in the November 1990 general election, which provides that North Little Rock firefighters and police officers are to receive salaries and benefits commensurate with Little Rock firefighters and police officers after considering rank, seniority, time in grade, and service. The trial court found that the initiated ordinance was valid but had lapsed, and thus concluded that the city no longer had any obligation to provide "parity pay" to the firefighters. Because we agree with the firefighters that the trial court erred in interpreting the initiated ordinance, we reverse and remand.

A procedural review of the history of the initiated ordinance is as follows. On June 18, 1980, an initiative petition was filed in the office of the North Little Rock City Clerk's office. The text of the proposed ordinance read as follows:

"AN ORDINANCE TO PROVIDE THE NORTH LITTLE ROCK POLICE AND FIREMEN WITH SALARIES AND BENEFITS COMMENSURATE WITH THOSE OF THE LITTLE ROCK POLICE AND FIREMEN."

BE IT ENACTED BY THE PEOPLE OF THE CITY OF NORTH LITTLE ROCK, ARKANSAS:

SECTION 1. That the North Little Rock Police and Firemen are to be provided with salaries and benefits commensurate with or greater than those of the Little Rock Police and Fire Departments, rank, seniority, time in grade and service considered.

SECTION 2. That the number of employees, ranks, and positions within each rank for the North Little Rock Police Department and Fire Department shall not be reduced to a level below

that authorized as of January 1, 1980, except in case of extreme emergency.

After the citizens of North Little Rock approved this initiated ordinance in the November 1980 election, the city council passed Ordinance No. 5203 on January 5, 1981, adding the following two sections:

SECTION 3. That the sum of $700,000 is hereby appropriated from the general fund of the City of North Little Rock to fund the provisions of this ordinance.

SECTION 4. That the present salaries and benefits of the North Little Rock police and firemen have caused many of the policemen and firemen in the City to seek higher paying jobs leaving a serious shortage of trained police and firemen, therefore an emergency is hereby declared to exist and this Ordinance being necessary for the preservation of the public peace, health and safety, shall be in full force retroactive to January 2, 1981.

In December 1981, the city council passed Ordinance No. 5363, which directed the mayor to negotiate with each department head and assistant department head in the city to establish a salary. The ordinance contained a repealer clause, specifically repealing Ordinance No. 5203. Thereafter, Police Chief William Younts and his assistant filed suit against the city in Pulaski County Circuit Court, alleging that the city had considered factors other than rank, seniority, time in grade, and service in determining their salaries. The trial court found that the city council had not complied with Ordinance No. 5203, and that Ordinance No. 5363, purportedly repealing Ordinance No. 5203, was void. This court affirmed in *Thompson v. Younts*, 282 Ark. 524, 669 S.W.2d 471 (1984).

In 1983, the city council passed Ordinance No. 5494, amending Ordinance No. 5203 to exclude the Police Chief, Assistant Police Chief, and Fire Chief from the parity-pay obligation. Later in 1983, the city council referred to the voters Resolution No. 2521, a proposal to repeal parity pay, and, specifically, Ordinance No. 5203. At a special election held on February 7, 1984, the voters defeated this proposal.

In 1994, the requirements of the parity-pay ordinance were met by an agreement between the city and the firefighters' union.

This agreement expired by its own terms on December 31, 1994. The agreement renewed automatically for one year and expired on December 31, 1995. After the parties were unable to reach a new agreement, the firefighters filed the present complaint in Pulaski County Circuit Court on January 15, 1996, claiming that their salaries and benefits are not commensurate with or greater than those firefighters in Little Rock.

The parties agreed to file motions for summary judgment on the issue of the validity of the initiated ordinance. The city maintained in its motion that, when it provided the increases by making the $700,000 appropriation in Ordinance No. 5203 in 1981, it met its obligation under the initiated ordinance regarding parity pay. The city further claimed that it had no "continuing obligation" to provide further parity-pay increases after the increases it provided in January 1981.

In the firefighters' motion for summary judgment, they argued that the city's interpretation was inconsistent with its own previous treatment of the ordinance, and that the ordinance contained no language that parity-pay requirement was a "one-time-only" obligation. The trial court agreed with the city and dismissed the firefighters complaint. The firefighters appeal that decision.

■ We apply the same statutory construction rules to ordinances as we do to statutes. *Tackett v. Hess*, 291 Ark. 239, 723 S.W.2d 833 (1987). In interpreting a statute, we will give the words in the statute their ordinary meaning and common usage. *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). If the language of a statute is plain and unambiguous, our analysis need go no further. *Id.*

■ In reviewing the text of the initiated ordinance in question, we observe that it does not contain a "sunset provision," whereby the ordinance would expire on a certain date. *See Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996). Were we to agree with the trial court's interpretation that the ordinance has "lapsed," we would be "resorting to subtle and forced construction for the purpose of limiting or extending the meaning." *Thompson v. Younts*, 282 Ark. at 527, *citing City of North Little Rock v. Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977); *Hicks v. Ark.*

*State Medical Board*, 260 Ark. 31, 537 S.W.2d 794 (1976). Moreover, as the firefighters point out in their brief, the city's interpretation of the ordinance in question is inconsistent with its previous interpretations of the measure. Particularly, the city observed the obligation under Ordinance No. 5203 as continuing when it referred Resolution No. 2521 to the people in 1984, proposing to repeal the ordinance and the parity pay requirement. As we have recognized, "[a] cardinal rule in dealing with a statutory provision is to give it a consistent and uniform interpretation so that it is not taken to mean one thing at one time and something else at another time." *Morris v. McLemore*, 313 Ark. 53, 852 S.W.2d 135 (1993). It is also significant that the voters rejected the proposal to repeal Ordinance No. 5203 and parity pay. As any doubtful interpretation of the initiated ordinance must be resolved in favor of the popular will, *see Thompson v. Younts, supra*, we must conclude that the trial court erred in accepting the city's interpretation that the initiated ordinance had lapsed and that the city no longer had an obligation to provide parity pay to the firefighters.

The dissent raises an interesting issue; however, it was not developed below and the trial court did not consider it. While it might be appropriate for future consideration, under these circumstances, we will not consider it at this time.

Reversed and remanded for entry of an order consistent with this opinion.

CORBIN, J., dissents.

DONALD L. CORBIN, Justice, dissenting. I am concerned that this court is overlooking an important principle of law regarding the authority of city councils, and I dissent. I believe the initiated ordinance passed by the citizens of North Little Rock is invalid, as it is not the type of ordinance subject to the initiative power of the people as stated in Amendment 7 to the Arkansas Constitution of 1874. The ordinance is administrative in nature and infringes upon the duties given to the city councils by the General Assembly.

Arkansas Code Annotated § 14-43-502 (1987) provides in pertinent part:

(a) The city council shall possess all the legislative powers granted by this subtitle and other corporate powers of the city not prohibited in it or by some ordinance of the city council made in pursuance of the provisions of this subtitle and conferred on some officer of the city.

(b)(1) The council shall have the management and control of finances, and of all the real and personal property belonging to the corporation.

Arkansas Code Annotated § 14-55-101 (1987) provides that municipal corporations shall have the power to make and publish ordinances. Arkansas Code Annotated § 14-55-301 (1987), on the other hand, provides that the city council may refer any proposed ordinance to the people for its adoption or rejection, in accordance with the procedures outlined in Amendment 7.

Amendment 7, in turn, establishes that the legislative power of the people of this State shall be vested in the General Assembly, but that the people reserve the power to propose *legislative measures*, including those on a local level. This authority does not, however, include the right to initiate administrative measures, such as the fixing of salaries for employees of a city's police and fire departments. This authority was granted to the city council by the General Assembly in Ark. Code Ann. § 14-51-304 (1987), which provides:

The city council or board [of civil service commissioners] shall from time to time fix the number of employees and the salaries to be drawn by each rank in the fire and police departments of their respective cities.

This court has long recognized that not all ordinances enacted by a city council are considered to be municipal legislation. *Scroggins v. Kerr*, 217 Ark. 137, 228 S.W.2d 995 (1950). "City governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." *Id.* at 142, 228 S.W.2d at 998. City councils also possess quasi-judicial functions to which Amendment 7 reserves no power of referendum to the people of those cities. *Id.* Moreover, city councils often enact resolutions and ordinances that are administrative or executive in nature. *Id.* This court explained the difference between such council functions:

"Both legislative and executive powers are possessed by municipal corporations . . . . *The crucial test for determining what is legislative and what is administrative is whether the ordinance is one making a new law, or one executing a law already in existence . . . . Executive action evidenced by ordinance or resolution is not subject to the power of the referendum,* which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. *The referendum . . . is designed to be directed against 'supposed evils of legislation alone'. 'To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city.'*" 1 McQuillin, Municipal Corporations (2d Ed., Rev., 1940) 1000.

*Id.* at 143, 228 S.W.2d at 998 (emphasis added). This court explained further:

[I]f there is a law already enacted which authorizes the very action provided for by a later resolution or ordinance, then there is no right to have a referendum on the new measure. It is not a new law, but only a procedural device for administering an old law. The right of referendum should have been exercised when the original measure, the enactment that put the law on the books, was newly adopted.

*Id.* at 145, 228 S.W.2d at 999. *See also City of North Little Rock v. Gorman,* 264 Ark. 150, 568 S.W.2d 481 (1978). This court similarly held that, under Amendment 7, the right of referendum "may not be invoked except against a 'legislative proposal or enactment.'" *Chastain v. City of Little Rock,* 208 Ark. 142, 144, 185 S.W.2d 95, 96 (1945) (quoting Amendment 7). Thus, it is clear from these decisions that the power of the people to initiate measures by referendum, as outlined in Amendment 7, applies only to laws and ordinances that are legislative in nature. Conversely, those laws or ordinances that are administrative or executive in nature are not subject to the power of referendum.

Correspondingly, in *Czech v. Baer,* 283 Ark. 457, 677 S.W.2d 833 (1984), where the proposed city ordinance involved the fixing of salaries of police and fire personnel and an agreement to binding arbitration in such matters, this court held:

The basic defect in this ordinance lies in the rule of law, twice stated in the Constitution, that *no municipal corporation shall be authorized to pass any law contrary to the general laws of the state*. Ark. Const., Art. 12 § 4, and Amendment 7. It is provided by state law that a city's legislative body is to fix the number and salaries of its policemen and firemen. Ark. Stat. Ann. § 19-1617 (Repl. 1980) [currently codified as section 14-51-304]. It is fundamental that a city's legislative power cannot be delegated to a committee or an administrative body. *City of Harrison v. Snyder*, 217 Ark. 528, 231 S.W.2d 95 (1950). Nor can the city directors delegate or bargain away their legislative authority. In holding that a city cannot be compelled to bargain collectively with its employees, we have said:

> Basically, the reason for the rule is that the fixing of wages, hours, and the like is a legislative responsibility *which cannot be delegated or bargained away*.

*Id.* at 460, 677 S.W.2d at 835–36 (emphasis added) (quoting *City of Fort Smith v. Council No. 38, AFL-CIO*, 245 Ark. 409, 413, 433 S.W.2d 153, 155 (1968)). This court held further:

> As we have noted, the Initiative and Referendum Amendment itself provides that "no local legislation shall be enacted contrary to the Constitution or any general law of the State." *Since state law prohibits a city from abdicating or delegating its legislative power to fix its employees' pay, that result cannot be accomplished by an initiated ordinance. Hence the binding-arbitration ordinance would be invalid even if approved by the voters.*

*Id.* at 461, 677 S.W.2d at 836 (emphasis added). Thus, the decision in *Czech* demonstrates that the people's power to initiate ordinances by referendum has no application where there is state law to the contrary, and that any ordinance so initiated would be invalid.

Accordingly, the ordinance passed by the voters of North Little Rock establishing that the police and fire personnel of that city would be paid a salary commensurate with similar positions and seniority occupied by such persons employed by the city of Little Rock is invalid. State law had already established that only the city council or the board of civil service commissioners is to fix such employees' salaries. An ordinance that effectively strips

these legislative bodies of their statutory authority to make such determinations is invalid for the reasons outlined in *Czech*. Furthermore, beyond its invalidity, the practical implications of the ordinance creates a potential crisis for the city of North Little Rock, were it ever unable to fiscally fund such commensurate salaries.

In sum, whether we consider this ordinance to be administrative in nature or a legislative ordinance that is in conflict with an already established law of this State, the ordinance is not the type subject to the people's power of referendum and is, thus, invalid. It impermissibly infringes upon the power of the city council to fix the salaries of its police and fire personnel and effectively ties the hands of the individual council members, such that they are no longer part of a deliberative body acting independently, exercising their best judgments on this issue. *See Donovan v. Priest*, 326 Ark. 353, 931 S.W.2d 119 (1996), *cert. denied*, 117 S. Ct. 1081 (1997). The ordinance should be considered as nothing more than an advisory indication of how the voters of that city wish their tax dollars to be spent; it cannot be binding law. If it is the continuing desire of the citizens of North Little Rock that their city police and fire personnel be paid the same as their counterparts in Little Rock, they need only voice such desires to their elected council members. The council members, in turn, could debate the feasibility of the request, exercising their judgments in the best interest of both the city and its residents. Likewise, if those citizens are unhappy with the individual performances of the council members, their remedy is to voice their disapproval at the polls by voting for candidates who share their views; they have no recourse to ensure such a measure from the referendum procedure established by Amendment 7. I would thus affirm the trial court's ruling, as it reached the right result, even though it may have been for a different reason. *See Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 957 S.W.2d 700 (1997).

## SUPPLEMENTAL OPINION ON DENIAL
## OF REHEARING

### MAY 7, 1998

965 S.W.2d 103

*Lavey & Burnett*, by: *John L. Burnett*, for appellants.

*Jeannette L. Hamilton*, Asst. City Attorney, for appellees.

W.H. "Dub" Arnold, Chief Justice. The appellants, P.A. Stricklin and other North Little Rock firefighters, challenged an initiated city ordinance that provided that North Little Rock firefighters and police officers are to receive salaries and benefits commensurate with Little Rock firefighters and police officers after considering rank, seniority, time in grade, and service. Specifically, the firefighters appealed the trial court's decision that the ordinance had lapsed. We reversed, noting that there was no "sunset provision" in the ordinance indicating that it expired on a certain date. The dissenting opinion responded that the people had no power to initiate the ordinance in the first place, since the subject matter involved a power reserved to the city council under Ark. Code Ann. § 14-51-304 (1987), namely the power to fix salaries of employees in the fire and police departments. Under Amendment 7 to the Arkansas Constitution, the dissenting justice wrote, the people only reserve the power to propose legislative measures.

The majority opinion included the following language:

The dissent raises an interesting issue; however, it was not developed below and the trial court did not consider it. While it might be appropriate for future consideration, under these circumstances, we will not consider it at this time.

In their petition, the firefighters ask us to "correct" these sentences. They claim that these constitutional issues were raised by the City in its counterclaim, and the trial court ruled against the City. While the abstract reflects that the issue of the constitutionality of the ordinance was raised in the City's counterclaim, as we stated in our opinion, the issues raised by the dissenting opinion were never developed below. Particularly, the firefighters responded to the City's counterclaim that the constitutionality of the ordinance was resolved against the City in *Thompson v. Younts*, 282 Ark. 524, 669 S.W.2d 471 (1984). To be sure, the issues raised by the dissenting opinion in the present case are not the same as those in *Thompson v. Younts, supra*. In any event, the trial court dismissed the City's counterclaim, and the City did not appeal that decision to this court. In sum, the present case was argued to the trial court and to this court on appeal on the issue of whether the initiated ordinance had lapsed. We decided that issue in the firefighters' favor. The petition for rehearing is denied.

Petition denied.