The Honorable Brenda Gullett State Senator 28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have presented the following questions for my opinion:
 (1) Is the authority to charge occupation taxes/licenses on vending machines implied from A.C.A. § 14-54-103(10)?
 (2) Does A.C.A. § 14-54-1411 prohibit a mayor from issuing an administrative directive or executive order that no employee of a city except uniformed police officers or a fire marshal may carry handguns while on duty with the city or while using city property, i.e., city vehicles?
RESPONSE
Question 1 — Is the authority to charge occupation taxes/licenses onvending machines implied from A.C.A. § 14-54-103(10)?
It is my opinion that the provisions of A.C.A. § 14-54-103(10) provide authority under which a city may license and tax vending machines that fall within the language of that statute. The ultimate answer, therefore, will depend upon the type of vending machine in question.
A.C.A. § 14-14-103(10) states:
Cities and incorporated towns shall have power to:
* * *
 (10) License, regulate, tax, or suppress ordinaries, hawkers, peddlers, brokers, pawnbrokers, money changers, intelligence offices, public masquerade balls, street exhibitions, sparring exhibitions, dance houses, fortune tellers, pistol galleries, corn doctors, private-lock venereal hospitals, museums and menageries, equestrian performances, horoscopic views, lung testers, muscle developers, magnifying glasses, billiard tables or other instruments used for gaming, theatricals, or other exhibitions, shows, and amusements, or any gift enterprise[.]
A.C.A. § 14-54-103.
The above-quoted statute does not define the items listed therein that can be licensed, regulated, taxed, and suppressed. In the absence of a statutory definition, it is appropriate to give the words of the statute their ordinary meaning in common usage. Stricklin v. Hays, 332 Ark. 270,965 S.W.2d 103 (1998). Indeed, the Arkansas Supreme Court has stated that if the language of a statute is plain and unambiguous, the analysis need go no further. Id.
When these guidelines are applied to the language of A.C.A. §14-54-103(10), it is reasonable to conclude that some vending machines may clearly constitute "theatricals," "shows," "amusements," or "gift enterprise[s]," within the meaning of the statute. Others may not. Each type of vending machine must be evaluated to determine whether it falls within the language of A.C.A. § 14-54-103, and can thus be licensed and taxed.
It should be noted that if a state statute establishes an amount that an item can be taxed, the city cannot levy an additional amount. See City ofSpringdale v. Gage, 214 Ark. 356, 216 S.W.2d 390 (1949) (city could not levy additional tax on music and marble machines over and above amount established by state statute). However, as discussed in Attorney General Opinion No. 2001-240, state law no longer establishes such an amount for vending machines.
I therefore conclude that A.C.A. § 14-54-103 does provide authority upon the basis of which a city may license and tax vending machines that fall within the language of that statute.
Question 2 — Does A.C.A. § 14-54-1411 prohibit a mayor from issuing anadministrative directive or executive order that no employee of a cityexcept uniformed police officers or a fire marshal may carry handgunswhile on duty with the city or while using city property, i.e., cityvehicles?
It is my opinion that A.C.A. § 14-54-1411 prohibits a mayor from issuing any directive or order concerning firearms that is inconsistent with state or federal law.
The statute states in pertinent part:
 (b)(1)(A) A local unit of government shall not enact any ordinance or regulation pertaining to, or regulate in any other manner, the ownership, transfer, transportation, carrying, or possession of firearms, ammunition for firearms, or components of firearms, except as otherwise provided in state or federal law.
A.C.A. § 14-54-1411.
An evaluation of any particular directive or order will, of course, depend upon the language of that directive or order. I therefore cannot conclude as a general matter that all such directives or orders are prohibited. The crucial factor is whether such directives or orders conflict with state or federal law — either on their face, or as applied in particular situations.
It is possible that such a directive or order, either on its face or as applied, could under certain circumstances conflict with various state or federal laws. For example, it could impair the privileges conferred by the provisions of A.C.A. § 5-73-301 et seq. (permitting licensure to carry concealed handguns). It could also conflict with privileges conferred by federal law, such a collector's, dealer's, or manufacturer's license granted pursuant to the provisions of 18 U.S.C. § 923.
If a mayorial directive or order could be crafted in such a way as to be consistent with state and federal law concerning firearms, it would not be impermissible under A.C.A. § 14-54-1411. Each such directive or order must be evaluated individually to determine whether it creates a conflict.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh