Robert VANDERPOOL *v.* Jean PACE,
Mayor of the City of Mammoth Spring;
Jack Haney, Carol Howell, James Mills, and Bruce Green,
Aldermen of the City of Mammoth Spring

02-73                                                   87 S.W.3d 796

Supreme Court of Arkansas
Opinion delivered October 31, 2002

*Larry J. Steele*, for appellant.

*J. Denham* and *William T. Hass*, for appellees.

PER CURIAM. Appellant Robert Vanderpool, former City Marshal of the City of Mammoth Spring, filed a complaint in the Fulton County Circuit Court, asserting that the city owed him overtime pay for the period of July 1, 1995, to June 30, 1998, pursuant to certain provisions of the city's municipal code. The trial court granted summary judgment to Appellees, city officials of the City of Mammoth Spring, and this appeal followed. We cannot reach the merits of the argument on appeal because the addendum prepared by Appellant does not contain copies of the city's ordinances that he claims entitle him to relief.

Arkansas Supreme Court Rule 4-2(b)(3), as amended by *In Re: Modification of the Abstracting System*, 345 Ark. Appx. 626 (2001) (*per curiam*), provides in pertinent part:

> If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

This amendment became effective for cases in which the record is lodged in the appellate court on or after September 1, 2001. It is thus applicable to this case, as the record here was lodged with our Clerk on January 23, 2002.

Prior to the amendment of Rule 4-2(b)(3), this court had the discretionary authority to summarily affirm a case "when the abstract was so flagrantly deficient that the court did not have before it all the parts of the record necessary for an understanding of the issues presented." *Baldwin v. Baldwin*, 349 Ark. 45, 50, 76 S.W.3d 267, 269 (2002). In amending Rule 4-2(b)(3), this court decreed: "Appeals will no longer be affirmed because of the insufficiency of the abstract without the appellant first having any opportunity to cure the deficiencies." *In Re: Modification of the Abstracting System*, 345 Ark. Appx. at 627. Accordingly, because his addendum does not contain copies of the city ordinances that are necessary for an understanding of the merits of the appeal, Appellant has fifteen days from the date of this opinion to file a substituted addendum to conform to Rule 4-2(a)(8). Thereafter, Appellees will have five days to revise or supplement their brief.