Michael R. ROE *v.*
ARKANSAS DEPARTMENT of CORRECTION,
Sex Offenders Assessment Committee and Sex Offender
Screening and Risk Assessment

05-940                                                      240 S.W.3d 127

Supreme Court of Arkansas
Opinion delivered September 28, 2006

*Pryor, Robertson & Barry, PLLC,* by: *Gergory T. Karber* and *Robert D. Kelly,* for appellant/cross-appellee.

*Mike Beebe,* Att'y Gen., by: *Ashley Argo,* Ass't Att'y Gen., for appellees/cross-appellants.

ROBERT L. BROWN, Justice. Appellant Michael Roe appeals from a decision by the Sex Offenders Assessment Committee ("SOAC") regarding risk assessment for registration purposes. We dismiss this appeal for lack of a final order.

On November 26, 2001, the Crawford County Circuit Court entered a judgment and disposition order, which stated that Roe had pled *nolo contendere* for the crime of pandering or possessing visual or print medium depicting sexually explicit conduct involving a child in violation of Arkansas Code Annotated § 5-27-304 (Repl. 2006). The order also stated that Roe's punishment for that offense was a five-year suspended sentence. The additional terms and conditions of the judgment and disposition included that Roe must register as a sex offender. The order further stated that Roe was to have no contact with anyone under the age of 18 and that he was not to employ anyone under the age of 18.

Roe registered as a sex offender, and he was assessed under the Sex Offender Screening and Risk Assessment procedures adopted by the Department of Correction pursuant to the authority granted to the Department by Arkansas Code Annotated § 12-12-1303(f)(1) (Repl. 2003). Based on the assessment, Roe was placed at level 3, described as "high risk." The sex-offender fact sheet listed the following four factors as affecting Roe's risk level:

1. Offender attempted to subvert a fair and accurate assessment.

2. Substantial documentation the offender has committed multiple sex offenses.

3. Offender has same gender victims.

4. Offender's lack of amenability to treatment.

By letter dated June 5, 2002, Roe requested review of the assessment pursuant to Arkansas Code Annotated § 12-12-1303(f)(2) (Repl. 2003). In his request for review, Roe set forth his objections to each of these factors. In response to Roe's request for review, Dana Dean Watson, a member of the SOAC, reviewed the findings of the assessment team regarding the level 3 risk classification assigned to Roe and said, in a letter dated May 27, 2003, "[a]fter a very thorough review of the entire case file, I concur with the risk level 3 assessment of Mr. Michael Roe."

Roe filed a petition for judicial review in the Pulaski County Circuit Court on June 11, 2003, against the Arkansas Department of Correction ("ADC"), the SOAC, and the Sex Offender Screening and Risk Assessment ("SOSRA") (hereinafter referred to collectively as "appellees"), in which he claimed that he was the subject of a final administrative adjudication. In his petition, Roe alleged that the SOAC and the SOSRA failed to:

a) Follow their own guidelines and procedures in a thorough and objective manner; and

b) Follow their own regulations and/or follow those regulations in a manner consistent with the spirit of the Sex Offender Registration Act.

On January 2, 2004, Roe filed an amended petition for judicial review in which he set forth two counts. Under the first count, Roe alleged that all of the following are contrary to the Arkansas and United States Constitutions: (1) the Sex Offender Registration Act of 1997, codified at Ark. Code Ann. § 12-12-901 through 920 (Repl. 2003 and Supp. 2005); (2) the SOAC, established pursuant to § 12-12-1301 through 1303 (Repl. 2003); (3) the Sex Offender Guidelines and Procedures for Implementing Risk Assessment and Community Notification Regarding Sex Offenders, dated January 2002. Roe also made the following constitutional claims:

(1) depriving individuals classified as offenders of procedural or substantive due process as provided by the Fifth, Sixth and Fourteenth Amendments, U.S. Const.;

(2) depriving individuals of their liberty interest as guaranteed by the Fourteenth Amendment, U.S. Const.;

(3) inflicting cruel and unusual punishment in violation of the Eighth Amendment, U.S. Const.;

(4) constituting denial of due process because the procedures, terms, assessments and regulations relating thereto are so vague that no person can rightly know their meaning and application.

Roe directed his second count toward defendant Larry B. Norris in his official capacity as director of the ADC and John Does 1, 2, and 3. Roe noted that the John Doe defendants were "such other officials as may be responsible for the implementation and enforcement of . . . 'The Sex and Child Offender Registration Act of 1997.' " According to Roe, "[t]he actions of these defendants have been under color of law and constitute state action for the purposes of the state and federal Civil Rights Acts."

In conclusion, Roe requested that the circuit court declare that the statutes and regulations set forth in his motion violate various constitutional provisions; that the circuit court temporarily restrain, preliminarily and permanently enjoin the enforcement of those statutes and regulations; that the circuit court award attorney's fees allowed by 42 U.S.C. 1988 and Arkansas statutes; that the circuit court award Roe such general and special damages as may be proved.

On January 2, 2004, Roe also filed a motion for injunctive relief, which he described as a motion for summary judgment under Rule 56 of the Arkansas Rules of Civil Procedure. In his brief in support of his motion for injunctive relief, Roe made two allegations: (1) Roe's liberty interest entitles him to a due process hearing, and (2) the Arkansas statutes and guidelines are void for vagueness. Roe concluded by requesting that the circuit court grant an injunction forbidding the registration of Roe as a sex offender and the publication of any related information. Additionally, Roe requested that the circuit court declare that the Arkansas sex-offender statutes and regulations are void for vagueness in further violation of the Due Process Clause and thereby enjoin their use.

The circuit court entered an order on May 6, 2005, and made the following rulings:

1. The Court is not ruling on the issue of whether the Petitioner has a liberty interest at stake by his inclusion on the Sex Offender

Registry. Even assuming that he does have a liberty interest, due process was afforded to the Petitioner through the negotiated plea, prior notification of the sex offender registration and notification requirements, and an assessment interview for which he was afforded judicial review.

2. The Arkansas Sex and Child Offender Registration Act and Guidelines are not void for vagueness and do not violate due process.

3. The Sex Offenders Assessment Committee and SOSRA failed to follow their own guidelines and procedures in a thorough and objective manner and in the manner consistent with the spirit of the Sex Offender Registration Act. Therefore, the Administrative decision is arbitrary and capricious and an abuse of discretion.

The circuit court reversed and remanded the case for an additional assessment to be made by a different assessor. The court also granted the motion to dismiss on behalf of separate respondent Larry Norris but was silent with respect to any disposition as to John Does 1, 2, and 3.

Rule 54(b) of the Arkansas Rules of Civil Procedure provides in pertinent part:

[A]ny judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b)(2) (2006).

■ This court is barred from considering this appeal under Rule 54(b) due to the lack of a final order since the claims against John Does 1, 2, and 3 remain viable. Although this issue was not raised by either party, the question of whether an order is final and appealable is a jurisdictional question that this court will raise *sua sponte*. *See Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005) (holding that this court has no jurisdiction to hear a case where the circuit court's order is not final). This court has specifically held

that where John Doe claims have not been determined, dismissal on the basis of Rule 54(b) is appropriate. *See, e.g., Jones, supra; see also Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003); *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998). We hold that the order from which Roe appeals is not a final appealable order under Rule 54(b).

Appeal dismissed without prejudice.