## WILKINS & ASSOCIATES, INC. *v.* VIMY RIDGE MUNICIPAL WATER IMPROVEMENT DISTRICT 139

06-831                                              250 S.W.3d 246

Supreme Court of Arkansas
Opinion delivered February 15, 2007

*Ralph Washington*, for appellant.

*Riable & Crabtree*, by: *Mark Riable*, for appellee Vimy Ridge Municipal Water Improvement Dist. No. 139

*Friday, Eldredge & Clark, LLP*, by: *Larry W. Burks*, for appellee The Bank of New York Trust Company, N.A.

PAUL DANIELSON, Justice. Appellant Wilkins and Associates, Inc. (Wilkins), appeals the order of the Pulaski County Circuit Court, granting summary judgment in favor of appellee Vimy Ridge Municipal Water Improvement District 139 (Vimy Ridge). Wilkins's sole point on appeal is that the circuit court erred in granting Vimy Ridge's motion for summary judgment because the statute of limitations for collecting an assessment of special improvement district taxes from 2001 had expired.

Vimy Ridge filed a complaint for foreclosure against several defendants, including Wilkins, on October 1, 2004, claiming that the assessments (tax, penalty, and costs), in the form of municipal improvement district taxes, were delinquent for certain parcels of

land located within the district. The original complaint sought payment of the delinquent taxes from Wilkins for the tax years 2001, 2002, 2003, and 2004.

On August 1, 2005, Vimy Ridge filed its separate motion for summary judgment as to Wilkins, relying on the certified copy of the delinquent assessment against the lands owned by Wilkins, as prepared by the Pulaski County tax collector. The circuit court held a hearing on the summary-judgment motion on December 12, 2005. Wilkins originally did not dispute that it had not paid the delinquent taxes on certain parcels of its property for the years 2002, 2003, and 2004; therefore, on or about December 12, 2005, Wilkins paid the amounts assessed for those tax years. However, the assessment for 2001 remained an issue. The circuit court granted summary judgment to Vimy Ridge and issued a foreclosure decree as to Wilkins on March 31, 2006.

While final judgment as to Wilkins is clear, the original complaint listed several defendants. A review of the record reveals final judgments as to W.M. Bearden, Phillip Glenn, Lenon-Brewer, Ronny and Rebecca Patterson, Charles Shaw, and Edward Sumers; however, the record is silent with respect to any disposition as to Coy Dean, Mark Wilcox, John Doe(s), and Jane Doe(s).

Rule 54(b) of the Arkansas Rules of Civil Procedure provides in pertinent part:

> [A]ny judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b)(2) (2006).

■ We are barred from considering this appeal under Rule 54(b) due to the lack of a final order since the claims against multiple parties may remain viable. Although this issue was not raised by either party, the question of whether an order is final and appealable is a jurisdictional question that this court will raise sua sponte. *See Roe v. Ark. Dep't of Correction*, 367 Ark. 348, 240 S.W.3d 127 (2006). This court has specifically held that where

John Doe claims have not been determined, dismissal on the basis of Rule 54(b) is appropriate. *See id.* Accordingly, we hold that the order from which Wilkins appeals is not a final, appealable order, and the appeal must be dismissed.

In addition to the Rule 54(b) problem, the addendum prepared by the appellant appears to be deficient as it does not contain a copy of the city ordinance that is mandated by Arkansas Code Annotated § 14-90-801 (Repl. 1998) to provide for the payment of assessments. We have previously required that an appellant provide relevant city ordinances in his addendum. *See Vanderpool v. Pace,* 350 Ark. 460, 87 S.W.3d 796 (2002). Arkansas Supreme Court Rule 4-2(b)(3) (2006) provides that this court may address a deficiency at any time if an abstract or an addendum is deficient such that we cannot reach the merits of the case.

Dismissed without prejudice.