VIMY RIDGE MUNICIPAL WATER IMPROVEMENT DIST.
NO. 139 and The Bank of New York  *v.*  J.A. RYLES, G.P. Ryles,
Guy Maris, Whitwell, Inc., John Ryles, et al., Rylwell, LLC,
Mark Wilcox, Land Commissioner

06-1028                                              253 S.W.3d 436

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Riable & Crabtree*, by: *Mark Riable*; *Friday, Eldredge & Clark*, by:
*Larry W. Burks*, for appellants.

*Hurley & Whitwell, PLLC*, by: *Stephen E. Whitwell*, for appel-
lees.

JIM HANNAH, Chief Justice. Appellants Vimy Ridge Mu-
nicipal Water Improvement District 139 and The Bank of

New York Trust Company, N.A. (collectively referred to as Vimy Ridge) appeal the order of the Pulaski County Circuit Court granting summary judgment in favor of appellees J.A. Ryles; Rylwell LLC; John Ryles; Whitwell Inc.; and Mark Wilcox, Land Commissioner (collectively referred to as the Ryles appellees). Vimy Ridge argues that the circuit court erred in concluding that the special taxes of the district became delinquent on June 1 and granting the Ryles appellees' motion for summary judgment as a matter of law.

Vimy Ridge filed a complaint for foreclosure against several defendants, including the Ryles appellees, on October 1, 2004, claiming that the assessments (tax, penalty, and costs), in the form of municipal improvement district taxes, were delinquent for certain parcels of land located within the district. The complaint sought payment of the delinquent taxes for the tax years 2001, 2002, and 2003.

Vimy Ridge filed separate motions for summary judgments against J.A. Ryles, Rylwell, Whitwell, and John Ryles. The Ryles appellees answered and also filed motions for summary judgment, admitting that special taxes were delinquent for tax years 2001, 2002, and 2003. They paid the 2002 and 2003 delinquent special taxes and asserted that Vimy Ridge's complaint for foreclosure as to the 2001 delinquent special taxes was barred by the three-year statute of limitations.

The circuit court held a hearing on the summary-judgment motion on February 7, 2006, and granted the Ryles appellees' motion for summary judgment and dismissed with prejudice "any and all other claims, cross-claims, or counter claims." In addition, the circuit court concluded that the Land Commissioner's "interest is not affected by this proceeding."

While final judgment as to the Ryles appellees is clear, the original complaint listed several defendants. Upon review of the record, we note that the record is silent with respect to any disposition as to G.P. Ryles, Guy Maris, John Doe(s), and Jane Doe(s).

Rule 54(b) of the Arkansas Rules of Civil Procedure provides in pertinent part:

> [A]ny judgment, order, or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or

other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Ark. R. Civ. P. 54(b)(2) (2006).

■ We have made it clear that the failure to comply with Rule 54(b) and adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See Hodges v. Huckabee,* 333 Ark. 247, 968 S.W.2d 619 (1998). A summary-judgment order is not a final, appealable order where the order does not dispose of the complaints against all of the defendants. *See id.* Further, we have specifically held that where John Doe claims have not been determined, dismissal on the basis of Rule 54(b) is appropriate. *See Roe v. Ark. Dep't of Correction,* 367 Ark. 348, 240 S.W.3d 127 (2006). Here, we are barred from considering this appeal under Rule 54(b) due to the lack of a final order since the claims against G.P. Ryles, Guy Maris, John Doe(s) and Jane Doe(s) may remain viable.

■ In addition to the Rule 54(b) problem, we note that Vimy Ridge has failed to abstract the February 7, 2006 hearing before the circuit court on the summary-judgment motion. Vimy Ridge explains in its abstractors' notes that it did not abstract the hearing because there are no colloquies between the circuit court and counsel as are necessary to an understanding of the questions presented on appeal. We disagree. Accordingly, in any future appeal of this matter, the abstract should include the summary-judgment hearing, pursuant to Rule 4-2(a)(5) and (b)(3).

Dismissed without prejudice.