

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–12–450

| | |
|---|---|
| | **Opinion Delivered** August 28, 2013 |
| GEORGE HOBSON AND MONTIE HOBSON<br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-06-10641] |
| V. | |
| | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ENTERGY ARKANSAS, INC.<br>APPELLEE | REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

A Pulaski County jury awarded appellants George and Montie Hobson $21,935.98 on their claims against appellee Entergy Arkansas, Inc., for breach of contract and promissory estoppel. Before trial, the circuit court entered summary-judgment orders dismissing the Hobsons' claims for actual and constructive fraud and limiting the type of damages for which they could recover on their contract and estoppel claims. The Hobsons appeal the summary-judgment orders. We order rebriefing to correct the following deficiencies.

The record indicates that the circuit court held two hearings on Entergy's motions for summary judgment. Transcripts of the hearings are not contained in the Hobsons' abstract (although a brief portion of one hearing appears in Entergy's supplemental abstract). An appellant must create an abstract of the material parts of the stenographically reported material that appears in the record. Ark. Sup. Ct. R. 4–2(a)(5) (2012). Information is material if it is

essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal. *Id.* When the circuit court's ruling on a motion is at issue on appeal, the transcript of the motion hearing is considered a material part of the record and should be abstracted. *See Vimy Ridge Mun. Water Improvement Dist. v. Ryles*, 369 Ark. 217, 253 S.W.3d 436 (2007); *Moon v. Holloway*, 353 Ark. 520, 110 S.W.3d 250 (2003) (per curiam); *Evins v. Carvin*, 2012 Ark. App. 622.

We therefore order rebriefing to allow the Hobsons to include the hearing transcripts in their abstract. Ark. Sup. Ct. R. 4–2(b)(3). The Hobsons have fifteen days from the date of this order to file a substituted brief that conforms with our rules. *Id.* Their substituted brief should also include the jury's verdict form in the addendum. Ark. Sup. Ct. R. 4–2(a)(8)(A)(i). Additionally, transcripts of deposition testimony that are currently contained in the addendum should be removed from the addendum. If a transcript of a deposition is an exhibit to a motion or paper, then the material parts of the deposition transcript shall be abstracted, not included in the addendum. *Id*; *see also* Ark. Sup. Ct. R. 4–2(a)(5)(A); *Skalla v. Canepari*, 2013 Ark. 249 (per curiam). The addendum should only contain references to the abstract pages where the depositions appear. *See* Ark. Sup. Ct. R. 4–2(a)(8)(A)(i).

We emphasize that the above list of deficiencies should not be taken as exhaustive. Counsel should review our briefing rules to ensure that no other deficiencies exist. Failure to comply with this rebriefing order within the prescribed time may result in affirmance. Ark. Sup. Ct. R. 4–2(b)(3); Ark. Sup. Ct. R. 4–2(c)(2).

Rebriefing ordered.

WOOD and BROWN, JJ., agree.

*Gill A. Rogers*, for appellants.
*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *Charles L. Schlumberger*, for appellee.