SLIP OPINION

Cite as 2014 Ark. 183

# SUPREME COURT OF ARKANSAS

No. CV-13-674

| | |
|---|---|
| PATRICIA ANN KING<br><div align="right">APPELLANT</div> | **Opinion Delivered** April 24, 2014 |
| V. | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. CV-12-43] |
| CITY OF HARRISBURG<br><div align="right">APPELLEE</div> | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Patricia King appeals from the Poinsett County Circuit Court's judgment denying her petition for quo warranto and dismissing with prejudice her complaint against appellee City of Harrisburg. Her sole point on appeal is that the circuit court erred in finding that the City's Ordinance 86-001 only funded the position of city clerk/treasurer and did not create or recognize it. We affirm the circuit court's judgment.

The facts, as relevant to the issue on appeal, are these. On April 6, 2012, King filed a complaint and petition for writ of quo warranto. In it, she asserted that she was the duly acting and elected clerk for the City and that her action sought to compel the City to comply with state law and pay her wages due for the joint position of city clerk/treasurer. While she brought suit solely against the City, she also alleged that a writ of quo warranto should be issued to the present treasurer of the City, as the treasurer was a usurper and was occupying the office without legal authority. King sought to be installed as treasurer and sought a

SLIP OPINION

declaratory judgment that certain ordinances were in violation of state law; she additionally sought compensatory damages for her loss of wages.

The City answered King's complaint and moved for summary judgment, asserting that King, as city clerk, was not the successor to the former office of city clerk/treasurer and was therefore not entitled to any additional wages. The circuit court denied the City's summary-judgment motion and, after hearing the matter as a bench trial, issued a letter opinion. In it, the circuit court found, in relevant part, that the ordinance relied on by King, Ordinance 86-001, "was not designed to either join or separate the offices of city clerk and treasurer," but merely set the salaries for various city positions, with the ordinance's sole purpose being "for the budget." A judgment was entered by the circuit court, incorporating its letter opinion and dismissing King's complaint with prejudice. King filed a timely notice of appeal.

On appeal, King argues that the circuit court erred in refusing to find that Ordinance 86-001 both "recognized and funded" the combined office of city clerk/treasurer. She claims that the ordinance not only "recognized," but also "established" or created that office as evidenced by the City's subsequent attempt to abolish it by a later ordinance. She avers that once the circuit court's finding on this issue is reversed, she would be entitled to back wages, a declaratory judgment that she is the city clerk/treasurer, and a judgment directing that a writ of quo warranto issue.

The City responds that the circuit court's finding in no way declared Ordinance 86-001 invalid, but instead simply recognized that the ordinance did not combine the positions of city clerk and treasurer and served only to set salaries. It urges that the ordinance was

SLIP OPINION

clearly budgetary in nature and was not intended to either segregate or combine the positions. It maintains that the circuit court accurately assessed the facts in this matter and correctly concluded that King had been elected as city clerk and was not the successor to a combined position of city clerk/treasurer.

The appropriate standard of review on appeal from a bench trial is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *See Daugherty v. Jacksonville Police Dep't*, 2012 Ark. 264, 411 S.W.3d 196. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *See id.*

At issue here is whether Ordinance 86-001 in some way operated to combine the offices of city clerk and treasurer, such that King succeeded to that combined office rather than the single office of city clerk. In construing an ordinance, this court applies the same rules of construction that we apply to statutes. *See Vanderpool v. Pace*, 351 Ark. 630, 97 S.W.3d 404 (2003). In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* The statute must be construed so that no word is left void or superfluous and in such a way that meaning and effect are given to every word therein, if possible. *See id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no reason to resort to the rules of interpretation. *See id.* If, however, the meaning of a statute is not clear, we look to the language of the statute, the subject matter,

the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *See id.*

While King challenges the circuit court's finding that Ordinance 86-001 was "not designed" to join the offices of city clerk and treasurer, but "merely sets salaries," we cannot say that the circuit court clearly erred in so finding. The ordinance at issue, entitled "AN ORDINANCE INCREASING THE SALARY OF THE HARRISBURG MUNICIPAL JUDGE, MAYOR AND CLERK/TREASURER OF HARRISBURG, ARKANSAS AND FOR OTHER PURPOSES," provided as follows:

> BE IT HEREBY ORDAINED BY THE CITY COUNCIL OF HARRISBURG, ARKANSAS:
>
> SECTION 1. That the salary of the office of Municipal Judge of the City of Harrisburg be and same is hereby increased to $600.00 per month, effective January 1, 1986.
>
> SECTION 2. That the salary of the office of Mayor of the City of Harrisburg be and same is hereby increased to $442.00 per month, effective January 1, 1986.
>
> SECTION 3. That the salary of the office of Clerk/Treasurer of the City of Harrisburg be and same is hereby increased to $809.92 per month, effective January 1, 1986.
>
> SECTION 4. All Ordinances and parts of Ordinances in conflict herewith are hereby repealed.
>
> This Ordinance being necessary for the welfare of the City of Harrisburg an emergency is hereby declared and this Ordinance should be in full force and effect from and after its passage.
>
> ADOPTED THIS 20 day of JANUARY, 1986.[1]

---

[1] Neither King nor the City disputes the validity of the ordinance.

SLIP OPINION

Applying our rules of construction, it is clear to this court that the ordinance at issue plainly and unmistakably establishes new salaries for the city offices of municipal judge, mayor, and clerk/treasurer. While the ordinance may have set the salary for a combined office of city clerk/treasurer, there simply is no language to suggest that the ordinance operated to create or establish such an office. As we have previously held, this court will not read language into an ordinance that is not there. *See, e.g.*, *Williams v. City of Fayetteville*, 348 Ark. 768, 76 S.W.3d 235 (2002). Moreover, we note that, pursuant to Arkansas law, ordinances are limited to no more than one subject, and the instant ordinance deals with only one subject: increasing salaries. *See* Arkansas Code Annotated § 15-55-201 (Repl. 1998). *See also Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998). Because we are not left with a definite and firm conviction that the circuit court erred in finding that Ordinance 86-001 did not join the offices of city clerk and treasurer so as to establish a combined office of city clerk/treasurer, we affirm the circuit court's judgment.

Affirmed.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter*, for appellant.

*Fulkerson & Gazaway*, by: *Jimmy Gazaway*, for appellee.